UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

KRISTINE N.,[1]

Plaintiff,

Case # 23-CV-6403-FPG

v.

DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

## INTRODUCTION

Plaintiff Kristine N. brings this action pursuant to the Social Security Act seeking review of the final decision of the Commissioner of Social Security that denied her application for Disability Insurance Benefits ("DIB") under Title II of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. § 405(g).

Plaintiff moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), requesting that the case be remanded either for the calculation of benefits or for further administrative proceedings. ECF No. 9. The Commissioner concedes error and moves to remand for further proceedings. ECF No. 13. For the reasons that follow, the Commissioner's Motion is GRANTED and Plaintiff's Motion is GRANTED IN PART.

## BACKGROUND

In January 2021, Plaintiff protectively applied for a period of disability and DIB with the Social Security Administration ("SSA"). Tr.[2] 15. She alleged disability between January 1, 2016, and December 31, 2021, the date of that she was last insured for purposes of DIB. Tr. 18, 100. The claim was initially denied on November 10, 2021, and upon reconsideration on February 28, 2022. Tr. 15.

[1] Under this District's Standing Order, any non-government party must be referenced solely by first name and last initial.

[2] "Tr." refers to the administrative record in this matter. ECF No. 5.

On June 23, 2022, Administrative Law Judge John P. Ramos (the "ALJ") held a hearing. Tr. 48–76. The ALJ issued a decision on August 8, 2022, finding that Plaintiff was not disabled. Tr. 12–42. Plaintiff requested review by the Appeals Council, but the request was denied on May 22, 2023. Tr. 1–3. This action seeks review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted); *see also* *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

### II. Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Bowen v. City of New York*, 476 U.S. 467, 470–71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the

claimant's ability to perform basic work activities. *Id.* § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listing"). *Id.* § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, *id.* § 404.1509, the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id.* § 404.1520(e)–(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. *Id.* § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. *Id.* If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id.* § 404.1520(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

### I. The ALJ's Decision

The ALJ analyzed Plaintiff's claim for benefits under the process described above. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity from the alleged onset date through her date last insured. Tr. 18. At step two, the ALJ found that Plaintiff had the following severe impairments: degenerative disc disease of the cervical spine, degenerative disc

disease of the lumbar spine, asthma, depressive disorder, and anxiety disorder. Tr. 18. At step three, the ALJ concluded that none of Plaintiff's impairments met or medically equaled one of the impairments in the Listing. Tr. 22.

Next, the ALJ found that Plaintiff had the RFC to perform sedentary work with additional nonexertional limitations. Tr. 25. At step four, the ALJ determined that through the date last insured, Plaintiff was unable to perform any past relevant work. Tr. 39. At step five, the ALJ first found that Plaintiff's age category had changed since the alleged onset date, but that there was no support for the use of a higher age category of closely approaching advanced age. Tr. 39. The ALJ found that, given her age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the Plaintiff can perform. Tr. 40. Accordingly, the ALJ found that Plaintiff is not disabled. Tr. 42.

## II. Analysis

Plaintiff argues that remand is warranted for various reasons, including because the ALJ failed to properly evaluate the medical opinions and improperly relied upon the vocational expert's testimony identifying three obsolete occupations as the basis for the step five finding. ECF No. 9-1 at 11. Plaintiff thus requests that this case be reversed and remanded solely for the calculation of benefits, or, alternatively, for further administrative proceedings. *Id.* at 30. The Commissioner agrees that remand for further proceedings is warranted to reevaluate the medical opinions of record in this case. ECF No. 13 at 2, 8. However, the Commissioner disagrees that Plaintiff's claim should be remanded solely for the calculation of benefits. *Id.* at 12. In her reply, Plaintiff argues that the correct remedy is a calculation of benefits. ECF No. 14.

### I. Reversal Solely for the Calculation of Benefits is Not Warranted

Plaintiff maintains that remand for calculation of benefits is warranted. *Id.* Plaintiff argues that the current RFC finding is favorable to Plaintiff save for the finding at step five where the ALJ considered the vocational expert's testimony that a significant number of jobs exist in the national

economy that Plaintiff can perform. *Id.* at 2–4. Plaintiff notes that the Commissioner did not respond to Plaintiff's argument that the occupations identified by the vocational expert are obsolete, and interprets this as an admission that the occupations are indeed obsolete. *Id.* at 2, 4–5. Plaintiff claims that because it is established there were no jobs in significant numbers that Plaintiff could perform, the Commissioner failed to meet the burden at step five. *Id.* Plaintiff further argues that the current evidence and RFC finding leads to a finding of disability, which should not be disturbed. *Id.* at 3–5.

The Court is not persuaded. It is only appropriate for a court to "remand for calculation of benefits" where the record "provides persuasive proof of disability and a remand for further evidentiary proceedings would serve no purpose." *Demars v. Comm'r of Soc. Sec.*, 841 F. App'x 258, 263 (2d Cir. 2021) (summary order) (quotation marks and citations omitted); *see Kim G. o/b/o Erica L. v. Comm'r of Soc. Sec.*, No. 24-CV-00110, 2025 WL 2552598, at *5 (W.D.N.Y. Sept. 4, 2025) ("[R]emand for benefits is reserved for exceptional cases"). This is not such a case. Plaintiff argues that the vocational expert only provided three jobs that Plaintiff could perform at the sedentary level and that these jobs are all obsolete. Tr. 71–72; ECF No. 9-1 at 12–16. Yet, because this matter must be remanded due to the ALJ's failure to properly consider a medical opinion from a treating source, ECF No. 13 at 8, the RFC may well change on remand, which could also have the effect of changing Plaintiff's vocational opportunities. Indeed, contrary to Plaintiff's argument, ECF No. 14 at 3–4, nothing would bar the ALJ from fashioning a less restrictive RFC on remand. *See Thompson v. Astrue*, 583 F. Supp. 2d 472, 475 (S.D.N.Y. 2008) ("[I]n the absence of limiting instructions or court findings, the Commissioner may revisit on remand any issues relating to the application for disability benefits."). This Court will not make any particular findings as to the proper RFC; it simply remands the case based on the parties' agreement that the ALJ did not properly undertake the proper analysis. *See Gibbons v. Comm'r of Soc. Sec.*, No. 18-CV-311, 2019 WL 4199786, at *5 (W.D.N.Y. Sept. 5, 2019) ("Because the district court did not expressly or impliedly make any findings on the merits—*e.g.*, . . .

whether [the plaintiff] had the RFC to perform sedentary work[]—neither the law-of-the-case doctrine nor the mandate rule limited the ALJ to evaluating [the plaintiff's] claim at Step 5." (footnote omitted)).

Accordingly, the Commissioner's concession of error justifies remand for further proceedings. The Court declines to remand solely for the calculation of benefits.

**II. The ALJ Must Resolve Plaintiff's Claim Within 120 Days**

Plaintiff contends that she will suffer hardship if the case is remanded for further administrative proceedings, which will cause further delay. ECF No. 14 at 6. Although this case shall be remanded for further administrative proceedings, the Court understands Plaintiff's "frustration with the protracted administrative process." *Morales v. Berryhill*, No. 17-CV-9315, 2018 WL 6381049, at *26 (S.D.N.Y. Dec. 6, 2018); *see Michaels v. Colvin*, 621 F. App'x 35, 41 (2d Cir. 2015) (summary order) ("Although we conclude that a remand for further fact-finding at Step Five of the disability determination is necessary, we are mindful of the often painfully slow process by which disability determinations are made, and that a remand for further evidentiary proceedings (and the possibility of further appeal) could result in substantial, additional delay." (quotation marks and citation omitted)).

Here, Plaintiff applied for DIB in January 2021. Tr. 15. More than five years has passed and additional delay will be caused by the further administrative proceedings. In such instances, "courts have imposed deadlines after acknowledging long delays." *Morales*, 2018 WL 6381049, at *26. In light of the circumstances of this case, the Court thus imposes a deadline such that the ALJ must complete all further administrative proceedings within 120 days of the date of this Decision. *See Cruz v. Colvin*, 15-CV-1463, 2015 WL 5813158, at *1 (S.D.N.Y. Oct. 6, 2015) (imposing 120 days to finish further proceedings where the plaintiff had applied for benefits 6 years prior to the court's decision). If, upon remand, the ALJ denies Plaintiff's claim, the Commissioner must issue a final decision within 60 days of any appeal from that denial. If the Commissioner does not adhere to those deadlines, a calculation of benefits owed Plaintiff must be made immediately. *See Morales*, 2018 WL 6381049, at

*27 (imposing the same deadline and conditions); *Gonzalez-Cruz v. Comm'r of Soc. Sec.*, No. 16-CV-6613P, 2018 WL 3151656, at *3 (W.D.N.Y. June 27, 2018) (same).

**CONCLUSION**

For all of the reasons stated, the Commissioner's Motion (ECF No. 13) is GRANTED, and Plaintiff's Motion (ECF No. 9) is GRANTED IN PART. This matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: September 22, 2026
Rochester, New York

HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York